■ MARC EDME, Respondent, v RICHARD TANENBAUM, Appellant, et al., Defendants. [855 NYS2d 596]—

In an action, inter alia, to recover damages for legal malpractice, the defendant Richard Tanenbaum appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated March 21, 2007, as denied his motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the contention of the defendant Richard Tanenbaum, the documentary evidence that he submitted in support of his motion did not conclusively refute the plaintiff's allegations of legal malpractice against him so as to warrant dismissal of the action pursuant to CPLR 3211 (a) (1) insofar as asserted against him. Rather, those documents suggested that at least some of the funds at issue were supposed to be set aside to pay the plaintiff's monthly mortgage obligation, and Tanenbaum's evidence failed to address the plaintiff's allegations that he neglected to set up and maintain an escrow account for those funds, thereby facilitating the default on the mortgage.

Assuming the truth of the allegations set forth in the complaint, and construing those allegations liberally in favor of the plaintiff (see Nonnon v City of New York, 9 NY3d 825 [2007]; AG Capital Funding Partners, L.P. v State St. Bank & Trust Co., 5 NY3d 582, 591 [2005]; Leon v Martinez, 84 NY2d 83 [1994]; Palo v Cronin & Byczek, LLP, 43 AD3d 1127 [2007]), the complaint adequately set forth the requisite elements of a cause of action sounding in legal malpractice (see generally Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442 [2007]; Barnett v Schwartz, 47 AD3d 197 [2007]; J-Mar Serv. Ctr., Inc. v Mahoney, Connor & Hussey, 14 AD3d 482, 483 [2005]). Accordingly, the Supreme Court properly denied that branch of Tanenbaum's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7) insofar as asserted against him (see Schneider v Hand, 296 AD2d 454 [2002]).

Tanenbaum's remaining contention is improperly raised for the first time on appeal (see Matter of Mercury Ins. Group v Ocana, 46 AD3d 561 [2007]; Sarva v Chakravorty, 34 AD3d 438, 439 [2006]; Weber v Jacobs, 289 AD2d 226, 227 [2001]; Fresh Pond Rd. Assoc. v Estate of Schacht, 120 AD2d 561 [1986]). Mastro, J.P., Covello, Dickerson and Eng, JJ., concur.